UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Technology Insurance Company, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>Timothy McKnight<br><br>Defendant. | 2:24-cv-01788-BHH<br><br><br>**COMPLAINT**<br>**(DECLARATORY JUDGMENT)**<br>**(JURY TRIAL DEMANDED)** |

Now comes the Plaintiff, Technology Insurance Company, Inc. ("Technology Insurance Company"), by a way of a Complaint for Declaratory Judgment against the Defendant, Timothy McKnight ("Defendant"), and in support of its Complaint, alleges and states as follows:

1.     That Technology Insurance Company brings this action for declaratory relief pursuant to 28 U.S.C. § 2201 to declare the rights, status and other legal relations concerning claims for insurance coverage arising out of an accident involving Defendant that occurred on or about June 4, 2021, and concerning insurance policies issued by Technology Insurance Company to Smith Trucking, Inc.

2.     That Technology Insurance Company is a business entity organized and existing under the laws of the State of Delaware and maintains its principal place of business in Ohio.

3.     That Defendant is a resident of South Carolina.

4.     That the amount in controversy exceeds $75,000, exclusive of interest and costs, because Defendant seeks UIM coverage in the amount of $1 million dollars claiming that there was not a meaningful offer to his employer, Smith Trucking Inc, when

one or more policies were issued by Technology Insurance Company covering trucks owned by Smith Trucking Inc.   Timothy McKnight was occupying a Smith Trucking Inc. truck and asserts the amount of underinsured motorist coverage that should be available should be $1 million instead of the $75,000 which Smith Trucking Company actually requested and purchased, thus making for an amount in dispute of $925,000.

5.      That venue is proper pursuant to 28 U.S.C. § 1391 as this is the District where both Defendants reside and where the accident occurred.

6.       On June 4, 2021, Defendant McKnight was involved in a motor vehicle accident on Interstate 26 and claims substantial injuries that may exceed the amount of the at-fault motorist's available liability insurance coverage.

7.      That Smith Trucking, Inc. was the owner of the vehicle Defendant Knight was occupying at the time of the accident.

8.      That the policy of insurance on the Smith Trucking Inc. vehicle was issued by Technology Insurance Company.

9.      The policy of insurance issued by Technology Insurance Company to Smith Trucking provided $75,000 in underinsured motorist coverage.

10.      However, McKnight contends that Technology Insurance Company should be required to provide $1 million dollars in underinsured motorist coverage which is the amount of the liability limits.

11.      That Smith Trucking Inc.'s original policy with Technology Insurance Company was issued in September 2013.

12.      At that time, agent Thomas Louie met with Smith Trucking Inc.'s principal and discussed the types of coverage and costs of coverage desired by Smith Trucking

2

Inc.    That Smith Trucking was given a common law meaningful offer of underinsured motorist coverage and elected to purchase $75,000 in combined single limits underinsured motorist coverage.

13.    That each year thereafter, to include the renewal year of 2020-2021, agent Thomas Louie would go over Smith Trucking's coverages.   This included going over the optional uninsured and underinsured coverages that Smith Trucking desired.  That each year, Thomas Louie would specifically address the uninsured and underinsured coverage that was on the policy, the nature of those coverages, and that additional underinsured motorist coverage was available for an additional premium which he could obtain if Smith Trucking was interested.   That each year Smith Trucking confirmed that it did not want more underinsured motorist coverage.  It only wanted $75,000.

14.    That Technology Insurance Company believes that it has met the common law standard for a meaningful offer of underinsured motorist coverage which involves four elements: (1) the insurer's notification process must be commercially reasonable; (2) the insurer must specify the limits of optional coverage; (3) the insurer must intelligibly advise the insured of the nature of the optional coverage; and (4) the insured must be told that optional coverages are available for an additional premium.

15.    That the named insured, Smith Trucking, is the only entity that gets to decide whether to purchase underinsured motorist coverage.

16.    That even if the evidence were to show that a meaningful offer of underinsured motorist coverage had not been made, the policy could only be reformed by payment of the premium for such coverage.  However, Smith Trucking to this day still does not want underinsured motorist coverage more than the $75,000 purchased.

17.     That Technology Insurance Company hereby petitions the Court to declare that there was a meaningful offer of UIM coverage to Smith Trucking Inc. prior to the accident involving Defendant and that the maximum underinsured motorist coverage applicable is the $75,000 actually purchased by Smith Trucking, Inc. and that the policy will not be reformed to include $1 million in underinsured motorist coverage.

**WHEREFORE**, Technology Insurance Company requests this Court issue a declaratory judgment consistent with the relief sought herein and further declare the rights, status and other legal relations of the parties hereto as this Court deems just and proper.

CLAWSON and STAUBES, LLC

s/Timothy A. Domin
Timothy A. Domin
District of S.C. Federal ID No.:  5828
126 Seven Farms Drive, Suite 200
Charleston, South Carolina 29492-8144
Phone:   (843) 577-2026
Attorneys for Technology Insurance Company

April 10, 2024